UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHARON DOOLEY, | ) |
| | ) |
| Plaintiff, | ) No: 07 CV 7249 |
| | ) |
| vs. | ) Judge Kendall |
| | ) |
| ABBOTT LABORATORIES, | ) Judge Keys |
| | ) |
| Defendant. | ) JURY DEMAND |

FIRST AMENDED COMPLAINT
AS AND FOR A FIRST CAUSE OF ACTION
(DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT)

**NATURE OF ACTION**

1. This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 and the Illinois Human Rights Act, to correct unlawful employment practices on the basis of disability (handicap) and to make whole SHARON DOOLEY ("DOOLEY"). Defendant, ABBOTT LABROTORIES ("ABBOTT") discriminated against DOOLEY, a qualified individual with a handicap, because of her disability

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. & & 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. § § 2000e-5 (f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C.A. § 1981(A) . The employment practices

hereafter alleged to be unlawful were and are now being committed in the Northern District of Illinois, Eastern Division.

## PARTIES

4. DOOLEY is an adult person and a resident of Lake County, State of Illinois.

5. DOOLEY was an employee of Defendant, ABBOTT until February 12, 2007.

6. At all times relevant, ABBOTT, is a corporation organized under the laws of Illinois.

7. ABBOTT is an employer as that term is defined under the American Disability Act and the Illinois Human Rights Act, at all times material to the allegations herein.

8. DOOLEY has a permanent disability (handicap) of Narcolepsy in that she has a record of, or is regarded as having a physical impairment that substantially limits one or more of her major life activities but said disability is not related to her ability to perform the essential functions of her assigned duties with ABBOTT.

## STATEMENT OF CLAIMS

9. Despite ABBOTT listing itself as an equal employment company and having a policy against discrimination to the disabled, ABBOTT intentionally discriminated against DOOLEY by refusing to allow DOOLEY a reasonable accommodation to change her work schedule, because of her handicap of having a medical condition of Narcolepsy and, thereafter, discharging DOOLEY from her employment with ABBOTT. This discrimination, because of her handicap or disability, violates her rights under both the American Disability Act and the Illinois Human Rights Act.

10. ABBOTT's acts and omissions to act violate applicable provisions of the American Disability Act.

11. The discriminatory action of ABBOTT as set forth above has caused DOOLEY to be harmed in that DOOLEY has suffered in her position, her work environment had become

impaired and her work performance was impaired. As a further proximate result of ABBOTT's unlawful and intentional discriminatory actions against DOOLEY, as alleged above, DOOLEY has been harmed in that DOOLEY has suffered lost income, emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress. As a result of such discrimination and consequent harm, DOOLEY has suffered such damages in an amount according to proof.

12. DOOLEY has no adequate remedy at law to secure relief. If this court does not enter an order for ABBOTT to reinstate DOOLEY and thereafter accommodate her, DOOLEY will be irreparably injured.

13. DOOLEY filed a discrimination charge against the Equal Employment Opportunity Commission (EEOC) and thereafter issued a Right to Sue letter which is dated May 10, 2007 (See Exhibit "A"). This charge has timely filed with the Northern District of Illinois.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays that the court order such relief as is necessary to make the plaintiff whole, including:

1. Reinstatement or, alternatively, front pay;

2. Damages, including loss of pay and benefits;

3. Statutory liquidated damages due to the defendant's willful conduct;

4. Attorneys' fees and costs incurred in this action

5. Such other relief as is just and equitable.

6. The plaintiff requests a jury trial of this action.

## AS AND FOR THE SECOND CAUSE OF ACTION
## AGE DISCRIMINATION IN VIOLATION TO THE ADEA

14. Plaintiff realleges paragraph 4 through 8 herein and make a part thereof.

### JURISDICTION AND VENUE

15. Plaintiff brings this action for benefits under the Age Discrimination in Employment Act of 1967 (hereinafter sometimes referred to as the ADEA), 29 U.S.C. § 621-634, under the specific provisions of the Age Discrimination in Employment Act, viz. 29 U.S.C. § 626(c).

16. Jurisdiction of this action is conferred upon the Court by Section 7(b) of the Age Discrimination in Employment Act, (29 U.S.C. § 626 (b) and Venue 28 U.S.C. § 1331.

17 The employment practices hereafter alleged to be unlawful were and are now being committed in the Northern District of Illinois, Eastern Division.

### FACTUAL BASIS

18. Continuously ABBOTT discriminated against DOOLEY because of her age and treated her differently than younger non-protected employees of ABBOTT. Further, ABBOTT discharged, terminated, and otherwise discriminated against plaintiff because of her age (DOB 04/06/64).

20. Plaintiff protested her unlawful termination and filed charges of the discrimination herein alleged with the Equal Employment Opportunity Commission as set forth above.

21. ABBOTT's' violation of the Age Discrimination Act of 1967 and has proximately caused the DOOLEY to suffer damages.

22. ABBOTT's' violation of Plaintiffs' rights were willful.

4

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. Declare the conduct engaged in by ABBOTT to be in violation of Plaintiff's rights;

2. For injunctive relief, including but not limited to relief required to make Plaintiff whole for the losses caused by the violations of ABBOTT;

3. For compensatory damages in an amount according to proof;

4. For costs of suit, including reasonable attorney's fees and expert fees, pursuant to 42 U.S.C.A § 12117(a), which incorporates the remedies set forth in Title VII of the Civil Rights Act of 1964, Title 42 U.S.C.A. § 2000e-5(k); and

5. For such other and further relief as the court deems proper.

**AS AND FOR A THIRD CAUSE OF ACTION**
**RETALIATION**

23. DOOLEY realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

24. ABBOTT did intentionally retaliate against DOOLEY, based upon filing of requests for accommodations in or about September 2004, wherein, based upon her persistence to acquire accommodations, ABBOTT's agents created a hostile and offensive work environment, all in violation of Title VII of the Civil Rights Act of 1964, , as amended by, inter alia the Civil Rights Act of 1991, 42 U.S.C. Section 2000-e et seq.

25. By reason of the retaliation of ABBOTT, DOOLEY has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to her damage.

26. Further, said action on the part of the ABBOTT was done with malice and

reckless disregard for DOOLEY's protected rights.

## PRAYER FOR RELIEF

WHEREFORE, DOOLEY prays for judgment as follows:

1. Declare the conduct engaged in by ABBOTT to be in violation of DOOLEY's rights;

2. For injunctive relief, including but not limited to relief required to make DOOLEY whole for the losses caused by the violations of ABBOTT;

3. For compensatory damages in an amount according to proof;

4. For punitive damages based upon the wrongful conduct of ABBOTT

5. For costs of suit, including reasonable attorney's fees and expert fees, pursuant to 42 U.S.C.A § 12117(a), which incorporates the remedies set forth in Title VII of the Civil Rights Act of 1964, Title 42 U.S.C.A. § 2000e-5(k); and

5. For such other and further relief as the court deems proper.

## AS AND FOR A FOURTH CAUSE OF ACTION
## TITLE VII-RETALIATION-DISCRIMINATION

27. DOOLEY realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

28. The ABBOTT and its agents have intentionally retaliated and/or discriminated against DOOLEY, based upon filing of a an EEOC complaint on March 16, 2007, wherein since DOOLEY's discharge, ABBOTT agents have refused to hire her for employment positions for which DOOLEY is well qualified, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-e et seq, as amended by, inter alia the Civil Rights Act of 1991.

6

29. DOOLEY filed a discrimination charge against the Equal Employment Opportunity Commission (EEOC) and thereafter issued a Right to Sue letter which is dated May 10, 2007 (See Exhibit "B"). This charge has timely filed with the Northern District of Illinois.

30. By reason of the retaliation of ABBOTT, DOOLEY has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to his damage.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that the court order such relief as is necessary to make the plaintiff whole, including:

1. Reinstatement or, alternatively, front pay;

2. Damages, including loss of pay and benefits;

3. Punitive and statutory liquidated damages due to the ABBOTT's willful conduct;

4. Attorneys' fees and costs incurred in this action

5. Such other relief as is just and equitable.

6. The plaintiff requests a jury trial of this action.

SHARON DOOLEY

BY:**/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney

Michael T. Smith #6180407IL
440 W. Irving Park Road
Roselle, IL 60172
(847) 895-0626