UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHARON DOOLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07 CV 7249 |
| | ) |
| ABBOTT LABORATORIES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, ABBOTT LABORATORIES ("ABBOTT"), by its undersigned counsel, hereby answers Plaintiff, SHARON DOOLEY'S ("DOOLEY") First Amended Complaint as follows:

**NATURE OF ACTION**

1. This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 and the Illinois Human Rights Act, to correct unlawful employment practices on the basis of disability (handicap) and to make whole SHARON DOOLEY ("DOOLEY"), a qualified individual with a handicap, because of her disability.

**ANSWER:** Abbott admits that Plaintiff purports to bring claims pursuant to Title I of the Americans with Disabilities Act of 1990, Title I of the Civil Rights Acts of 1991, and the Illinois Human Rights Act. Abbott denies any remaining allegations contained in Paragraph 1 and further denies that Plaintiff's claims have any merit.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. & & 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the

>Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. § § 2000e-5 (f) (1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C.A. § 1981 (A). The employment practices hereafter alleged to be unlawful were and are now being committed in the Northern District of Illinois, Eastern Division.

**ANSWER:** The allegations set forth in Paragraph 2 state propositions of law to which no response is required. To the extent an answer is required, Abbott admits that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Abbott denies any remaining allegations contained in Paragraph 2 and further denies that Plaintiff's claims have any merit.

## PARTIES

> 4.   DOOLEY is an adult person and a resident of Lake County, State of Illinois.

**ANSWER:** Abbott admits that Plaintiff is an adult person. Abbott is without information sufficient to either admit or deny the remaining allegations contained in Paragraph 4, and therefore denies the same.

> 5.   DOOLEY was an employee of Defendant ABBOTT until February 12, 2007.

**ANSWER:** Abbott admits that Plaintiff was an employee of Abbott. Abbott denies the remaining allegations contained in Paragraph 5.

> 6.   At all times relevant, ABBOTT, is a corporation organized under the laws of Illinois.

**ANSWER:** Abbott admits the allegations contained in Paragraph 6.

> 7.   ABBOTT is an employer as that term is defined under the American Disability Act and the Illinois Human Rights Act, at all times material to the allegations herein.

**ANSWER:** The allegations set forth in Paragraph 7 state propositions of law to which no response is required. To the extent an answer is required, Abbott admits the allegations contained in Paragraph 7.

8. DOOLEY has a permanent disability (handicap) of Narcolepsy in that she has a record of, or is regarded as having a physical impairment that substantially limits one or more of her major life activities but said disability is not related to her ability to perform the essential functions of her assigned duties with ABBOTT.

**ANSWER:** Abbott is without information sufficient to either admit or deny the allegations contained in Paragraph 8, and therefore denies the same.

## STATEMENT OF CLAIMS

9. Despite ABBOTT listing itself as an equal employment company and having a policy against discrimination to the disabled, ABBOTT intentionally discriminated against DOOLEY by refusing to allow DOOLEY a reasonable accommodation to change her work schedule, because of her handicap of having a medical condition of Narcolepsy and, thereafter, discharging DOOLEY from her employment with ABBOTT. This discrimination, because of her handicap or disability, violates her rights under both the American Disability Act and the Illinois Human Rights Act.

**ANSWER:** Abbott admits that it is an equal employment company and has a policy prohibiting discrimination based on disability. Abbott denies the remaining allegations in Paragraph 9.

10. ABBOTT's acts and omissions to act violate applicable provisions of the American Disability Act.

**ANSWER:** Abbott denies the allegations in Paragraph 10.

11. The discriminatory action of ABBOTT as set forth above has caused DOOLEY to be harmed in that DOOLEY has suffered in her position, her work environment had become impaired and her work performance was impaired. As a further

>proximate result of ABBOTT's unlawful and intentional discriminatory actions against DOOLEY, as alleged above, DOOLEY has been harmed in that DOOLEY has suffered lost income, emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress. As a result of such discrimination and consequent harm, DOOLEY has suffered such damages in an amount according to proof.

**ANSWER:** Abbott denies the allegations in Paragraph 11.

> 12. DOOLEY has no adequate remedy at law to secure relief. If this court does not enter an order for ABBOTT to reinstate DOOLEY and thereafter accommodate her, DOOLEY will be irreparably injured.

**ANSWER:** The allegations set forth in Paragraph 12 state propositions of law or conclusions of law to which no response is required. To the extent an answer is required, Abbott denies the allegations contained in Paragraph 12.

> 13. DOOLEY filed a discrimination charge against the Equal Employment Opportunity Commission (EEOC) and thereafter issued a Right to Sue letter which is dated May 10, 2007 (See Exhibit "A"). This charge has timely filed with the Northern District of Illinois.

**ANSWER:** The allegations set forth in Paragraph 13 state propositions of law or conclusions of law to which no response is required. To the extent an answer is required, Abbott admits that Plaintiff filed a charge with the EEOC. Abbott admits that the EEOC issued a notice of right to sue to Plaintiff on October 22, 2007. Abbott denies that a Right to Sue letter issued by the EEOC is attached to the Complaint as Exhibit A. Abbott is without information sufficient to either admit or deny the remaining allegations contained in Paragraph 13, and therefore denies the same.

**AS AND FOR THE SECOND CAUSE OF ACTION**
**AGE DISCRIMINATION IN VIOLATION OF THE ADEA**

   14. Plaintiff realleges paragraph 4 through 8 herein and made a part thereof.

**ANSWER:** Abbott incorporates by references its answers to Paragraphs 4 through 8 herein as though each were separately set forth in full herein.

**JURISDICTION AND VENUE**

   15. Plaintiff brings this action for benefits under the Age Discrimination in Employment Act of 1967 (hereinafter sometimes referred to as the ADEA), 29 U.S.C. § 621-634, under the specific provisions of the Age Discrimination in Employment Act, viz. 29 U.S.C. § 626(c).

**ANSWER:** The allegations set forth in Paragraph 15 state propositions of law to which no response is required. To the extent an answer is required, Abbott denies the allegations contained in Paragraph 15 and further denies that Plaintiff's claims have any merit.

   16. Jurisdiction of this action is conferred upon the Court by Section 7(b) of the Age Discrimination in Employment Act, (29 U.S.C. § 626 (b) and Venue 28 U.S.C. § 1331.

**ANSWER:** The allegations set forth in Paragraph 16 state propositions of law to which no response is required. To the extent an answer is required, Abbott admits that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Abbott denies any remaining allegations contained in Paragraph 16 and further denies that Plaintiff's claims have any merit.

   17. The employment practices hereafter alleged to be unlawful were and are now being committed in the Northern District of Illinois, Eastern Division.

**ANSWER:** Abbott denies the allegations contained in Paragraph 17.

## FACTUAL BASIS

18. Continuously ABBOTT discriminated against DOOLEY because of her age and treated her differently than younger non-protected employees of ABBOTT. Further, ABBOTT discharged, terminated, and otherwise discriminated against Plaintiff because of her age (DOB 04/06/64).

**ANSWER:** Abbott denies the allegations contained in Paragraph 18.

20. Plaintiff protested her unlawful termination and filed charges of the discrimination herein alleged with the Equal Employment Opportunity Commission as set forth above.

**ANSWER:** Abbott admits that Plaintiff filed a charge with the EEOC. Abbott denies the remaining allegations contained in Paragraph 20.

21. ABBOTT's violation of the Age Discrimination Act of 1967 and has proximately caused DOOLEY to suffer damages.

**ANSWER:** Abbott denies the allegations contained in Paragraph 21.

22. ABBOTT's violation of Plaintiffs' rights were willful.

**ANSWER:** Abbott denies the allegations contained in Paragraph 22.

## AS AND FOR A THIRD CAUSE OF ACTION
## RETALIATION

23. DOOLEY realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

**ANSWER:** Abbott incorporates by references its answers to Paragraphs 1 through 22 herein as though each were separately set forth in full herein.

24. ABBOTT did intentionally retaliate against DOOLEY, based upon filing of requests for accommodations in or about September 2004, wherein, based upon her persistence to acquire accommodations, ABBOTT's agents created a hostile and offensive work environment, all in violation of Title VII of the Civil Rights Act of 1964, as amended by, inter alia the Civil Rights Act of 1991, 42 U.S.C. Section 2000-e et seq.

**ANSWER:**    Abbott denies the allegations contained in Paragraph 24.

    25.    By reason of the retaliation of ABBOTT, DOOLEY has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to her damage.

**ANSWER:**    Abbott denies the allegations contained in Paragraph 25.

    26.    Further, said action on the part of ABBOTT was done with malice and reckless disregard for DOOLEY's protected rights.

**ANSWER:**    Abbott denies the allegations contained in Paragraph 26.

### AS AND FOR A FOURTH CAUSE OF ACTION
### TITLE VII-RETALIATION-DISCRIMINATION

    27.    DOOLEY realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

**ANSWER:**    Abbott incorporates by references its answers to Paragraphs 1 through 26 herein as though each were separately set forth in full herein.

    28.    ABBOTT and its agents have intentionally retaliated and/or discriminated against DOOLEY, based upon filing of an EEOC complaint on March 16, 2007, wherein since DOOLEY's discharge, ABBOTT's agents have refused to hire her for employment positions for which DOOLEY is well qualified, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-e et seq., as amended by, inter alia the Civil Rights Act of 1991.

**ANSWER:**    Abbott denies the allegations contained in Paragraph 28.

    29.    DOOLEY filed a discrimination charge against the Equal Employment Opportunity Commission (EEOC) and thereafter issued a Right to Sue letter which is dated May 10, 2007 (See Exhibit "B").  This charge has timely filed with the Northern District of Illinois.

**ANSWER:**    The allegations set forth in Paragraph 29 state propositions of law or conclusions of law to which no response is required.  To the extent an answer is required,

Abbott admits that Plaintiff filed a charge with the EEOC. Abbott admits that the EEOC issued a notice of right to sue to Plaintiff on October 22, 2007. Abbott denies that a Right to Sue letter issued by the EEOC is attached to the Complaint as Exhibit B. Abbott is without information sufficient to either admit or deny the remaining allegations contained in Paragraph 13, and therefore denies the same

> 30.   By reason of the retaliation of ABBOTT, DOOLEY has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to his damage.

**ANSWER:**   Abbott denies the allegations contained in Paragraph 30.

## AFFIRMATIVE DEFENSES

Defendant, Abbott Laboratories ("Abbott" or "Defendant"), by and through its attorneys, hereby asserts the following Affirmative Defenses to Plaintiff's Complaint.

**AFFIRMATIVE DEFENSE 1:**   Abbott had good cause for terminating Plaintiff, not related to her medical condition, handicap, disability, age, or in retaliation for any complaints asserted by Plaintiff.

**AFFIRMATIVE DEFENSE 2:**   Abbott undertook good faith efforts to comply with anti-discrimination laws – including the Americans with Disabilities Act, Illinois Human Rights Act, Age Discrimination in Employment Act, and Title VII – by, among other things, making good faith efforts to enforce an anti-discrimination policy, thus barring Plaintiff's claims for punitive and/or liquidated damages.

**AFFIRMATIVE DEFENSE 3:**   Even if it were determined that Abbott impermissibly considered Plaintiff's membership in a protected class or any other unlawful factor in its decision to take an employment action with respect to Plaintiff (which Abbott denies), Abbott

nevertheless would have taken the same action in the absence of the impermissible motive(s), thus barring Plaintiff's claim for damages in whole or in part.

**AFFIRMATIVE DEFENSE 4:** Plaintiff's retaliation claims are barred because Plaintiff did not hold a reasonable belief that Abbott engaged in any conduct that is unlawful.

**AFFIRMATIVE DEFENSE 5:** Plaintiff's claims are barred to the extent that they are outside the scope of her administrative charge.

**AFFIRMATIVE DEFENSE 6:** To the extent Plaintiff suffered any damages as alleged, such damages were caused or contributed to by Plaintiff's own actions or the actions of others over whom Abbott exercised no control.

**AFFIRMATIVE DEFENSE 7:** Plaintiff's claim for damages is barred to the extent she has failed to mitigate her damages.

WHEREFORE, Defendant, ABBOTT LABORATORIES respectfully request that this Court enter judgment in its favor and against the Plaintiff on all counts of the Complaint, and for such other and further relief as may be granted.

DATED: FEBRUARY 19, 2008

ABBOTT LABORATORIES


By /s/ Ann H. Chen
    One of Its Attorneys

Jon E. Klinghoffer
Ann H. Chen
GOLDBERG KOHN BELL BLACK
 ROSENBLOOM & MORITZ, LTD.
55 East Monroe Street
Suite 3300
Chicago, Illinois  60603
(312) 201-4000

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on February 19, 2008, she caused a true and correct copy of **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** to be served via the Court's ECF/electronic mailing system, upon the following:

>Michael T. Smith, Esq.
>440 West Irving Park Road
>Roselle, IL 60172

>/s/ Ann H. Chen
>Ann H. Chen